**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4295**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

HERBERT ANTHONY SLOAN, a/k/a Kool Breeze,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge (7:19−cr−00150−D−1)

_____

Submitted:  October 3, 2022             Decided:  November 10, 2022

_____

Before WILKINSON and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Anne Margaret Hayes, Cary, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, For Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herbert Anthony Sloan pleaded guilty to a felon in possession charge under 18 U.S.C. § 922(g)(1) and was sentenced to 120 months in prison. On appeal, he argues that the district court erred by applying an obstruction of justice sentence enhancement pursuant to U.S.S.G. § 3C1.1, and a sentence enhancement for possession of a firearm during the commission of another felony pursuant to U.S.S.G. § 2k2.1(b)(6)(B). Because the district court did not err in applying these enhancements and because any error would otherwise be harmless, we affirm. We also deny Sloan's motion to file a supplemental brief raising, for the first time, a challenge to his base offense level.

## I.

On July 13, 2019, a woman called the 911 operator in Wilmington, North Carolina, indicating that there was a man with a gun at her mother's residence who was not allowing her mother to leave.[1] J.A. 37. This man, later identified as Sloan, wanted to see the daughter, but instead entered the house and the mother's bedroom after not finding her. J.A. 41–43. Sloan shut the mother's bedroom door behind him, pulled up his shirt, and told the mother that he had a gun. J.A. 43. He then showed her the gun in his lap and asked where the daughter's bedroom was. J.A. 41–43. Sloan went to the bedroom, then returned to the mother's room and again showed her his gun. J.A. 43–44. He stood at the door in a way that made the mother feel as if she could not get past him to leave. J.A. 44. During this

---

[1] The district court referred to the victims involved in this case as "the mother" and "the daughter" to preserve anonymity. We continue that convention on appeal.

2

incident, the mother was sending text messages to the daughter, stating that Sloan was at her residence, that "[i]t was not good over here," and that she was apprehensive about his weapon. J.A. 127–28.

After Sloan was located and detained, the mother texted the daughter that "if he brought a gun i[]n twice he was going to use it…I have a feeling it was going to be me or you and the way he was talking is going to be me[.]" J.A. 129–31. He was charged in state court with possession of a firearm by a felon, possession of marijuana, carrying a concealed weapon, and second-degree kidnapping. J.A. 110. On August 12, 2019, Sloan called the daughter from jail and said that the police "had no choice but to lock [him] up because somebody called and said [he] had a gun to their f'ing baby head and to their mama head. Who the 'f' did that?" J.A. 70. Sloan said he wanted the daughter to "[g]et the bullshit off [him]" and "[g]et [him] out of this because you the only one that can get [him] out of this." J.A. 50. The daughter's impression of this call was that Sloan wanted her to get the charges dropped. J.A. 74.

Sloan was charged federally in September 2019 on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), to which he later pleaded guilty. J.A. 13, 26. The presentence investigation report (PSR) calculated Sloan's base offense level at 24 due to prior controlled substance offenses. J.A. 161. Sloan's counsel objected to a four-level sentence enhancement for use of a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B) and a two-level sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1. J.A. 164–65.

The district court sentenced Sloan to the statutory maximum of 120 months, overruling these objections. J.A. 87, 93, 99. The court identified the applicable felony for the § 2K2.1(b)(6)(B) enhancement as North Carolina second-degree kidnapping, which required the confinement of an individual for the "purpose of…terrorizing a person so confined." J.A. 86 (citing N.C. Gen. Stat § 14–39(a)(3)). The district court "absolutely" found that the record, including the text messages, showed by a preponderance of the evidence that Sloan intended to terrorize the mother when he trapped her in her bedroom and pulled out his gun. J.A. 86. As for the obstruction of justice enhancement, the court found by a preponderance of the evidence that Sloan's conduct during the August 12 phone call was a "willful…attempt to obstruct the administration of justice with respect to [an] investigation [or] prosecution" as he was asking the victims to change their story regarding "his possession of a weapon and how he used the weapon that night in connection with terrorizing the mother." J.A. 92–93. After considering the 18 U.S.C. § 3553(a) factors and Sloan's criminal history, the court sentenced him to the statutory maximum. J.A. 99. It then noted that it would have "impose[d] the same sentence as an alternative variance sentence" because "this is the sentence sufficient but not greater than necessary with respect to [Sloan] in light of the entire record." J.A. 101.

## II.

Sloan appeals the district court's determination as to the two sentence enhancements. This court reviews a sentence imposed by the district court for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing the district court's application of the Guidelines and its

4

imposition of a sentencing enhancement, "we review [its] legal conclusions de novo and its factual findings for clear error." *United States v. Layton*, 564 F.3d 330, 334(4th Cir. 2009). We will "find clear error only if, on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted) (alteration in original). Facts supporting a Guidelines enhancement must be proven by a preponderance of the evidence. *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015).

The district court did not err in adopting the four-level sentence enhancement for use of a firearm in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B). The district court determined that Sloan's actions constituted felonious second-degree kidnapping under North Carolina law, which is confinement of someone "for the purpose of…terrorizing a person so confined." N.C. Gen. Stat. § 14-39(a)(3). Terrorizing a person is "putting that person in some high degree of fear, or a state of intense fright or apprehension." *State v. Moore*, 314 N.C. 738, 745, 340 S.E.2d 401, 405 (1986) (internal quotation marks omitted). Such an intent may be inferred from the evidence. *Id.* The record amply supports the court's finding that Sloan had the requisite intent to terrorize. The text messages and other evidence show that Sloan confined the mother to her own room and pulled out his weapon to convey the implicit threat that "it was going to be [the mother] or [the daughter]." J.A. 131. As the district court found, Sloane "pull[ed] out a gun to get what he want[ed], to wit, the daughter." J.A. 81. This shows an intent to terrorize by a preponderance of the evidence, and any argument to the contrary is unavailing.

5

The district court also did not err in adopting the two-level sentence enhancement for obstruction of justice. Such an enhancement is appropriate when "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and "the obstructive conduct related to…the defendant's offense of conviction" or "a closely related offense." USSG § 3C1.1. "[O]bstructive conduct can vary widely in nature, degree of planning, and seriousness," but may include "threatening, intimidating, or otherwise unlawfully influencing a…witness…, directly or indirectly, or attempting to do so." *Id.* cmt. n 3, n. 4(A). The record supports the district court's finding that Sloan's conduct was obstructive. The August 12 phone call attempted to get the witnesses to change their story regarding Sloan's use of his gun. As the daughter stated, this conveyed the impression that he wanted her to drop charges. Thus, the two-level enhancement was proper.

Moreover, any error made by the district court is harmless. A Guidelines error is harmless– and, thus, does not warrant reversal– if "(1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (internal quotation marks omitted) (alteration in original). The district court explicitly stated that even had it erred in overruling Sloan's enhancement objections, it still would have imposed a variance sentence of 120 months because it was the sentence "sufficient but not greater than necessary with respect to [Sloan] in light of the entire record." J.A. 101. Our view of

6

the record confirms that the variance sentence would be substantively reasonable, as the district court fully discussed the circumstances relating to Sloan's offense, and properly weighed mitigating and aggravating evidence. *See Mills*, 917 F.3d at 331.

## III.

After the opening, response, and reply briefs all had been filed, Sloan moved to file a supplemental brief raising, for the first time, a challenge to his base offense level. He argues that under this court's decision in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), his prior North Carolina drug convictions do not qualify as "controlled substance offenses" under the Sentencing Guidelines, and thus the PSR erroneously calculated his base offense level at 24. We deny this motion. It is a blackletter rule of appellate procedure that "contentions not raised in the argument section of the opening brief are abandoned." *United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004). This court issued *Campbell* on January 7, 2022, a full six weeks before Sloan filed his opening brief in this case. Because Sloan "fail[ed] to preserve the issue in [his] opening brief," he abandoned it, and "[n]o subsequent filing can revive it." *Hensley ex rel. North Carolina v. Price*, 876 F.3d 573, 580 n.5 (4th Cir. 2017). We decline to deviate from this rule here.

## IV.

For the foregoing reasons, the judgment is affirmed.

*AFFIRMED*